

MAGISTRATE JUDGE
SNOW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-ZLOCH

TLU LIMITED,

    Plaintiff,

vs.

CASE NO. **07-61641**

GREAT LAKES REINSURANCE
(UK) PLC,

    Defendant.

_____/

FILED by _____ D.C.
INTAKE
NOV 14 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

### NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

Defendant, Great Lakes Reinsurance (UK) plc, making a limited appearance with a full reservation of all rights and defenses, including but not limited to the defenses of lack of personal jurisdiction and failure to state a claim upon which relief can be granted, files this Notice of Removal in the above styled action currently pending in the 17th Judicial Circuit Court for Broward County, State of Florida, which is within the jurisdiction of the Southern District of Florida. In support of removal, the Defendant respectfully represents as follows:

    1. A civil action has been commenced against the Defendant in the 17th Judicial Circuit Court for Broward County, State of Florida, styled "TLU Limited v. Great Lakes Reinsurance (UK) plc" and bearing Case No. 07-026652 CA 21 on the docket of that court. A copy of Plaintiff's original Complaint, and all other pleadings

filed in the state court action are attached to this Notice of Removal, in accordance with the provisions of 28 U.S.C. sec. 1446(a). *See* Plaintiff's original Petition attached hereto as Exhibit "A," *in globo*.

2. Great Lakes Reinsurance (UK) plc was served with Plaintiff's Complaint on the 25th day of October 2007, and therefore this Notice of Removal is being filed within thirty (30) days of that first service and is timely under 28 U.S.C. sec. 1446(a).

3. Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through its counsel of record. A copy of this Notice of Removal is also being filed with the Clerk of Court for the 17th Judicial Circuit for Broward County, State of Florida.

4. Plaintiff TLU Limited is a corporation organized and existing under the laws of the British Virgin Islands, which has its office and principal place of business located at 1323 S.E. 17th Street, Suite 532, Fort Lauderdale, Florida 33316. The Plaintiff is therefore a citizen of the State of Florida for purposes of federal diversity jurisdiction.

5. Defendant Great Lakes Reinsurance (UK) plc is the only named Defendant in this case and has been alleged to be a foreign corporation.

6. The claim amount alleged in the Complaint is in excess of

$75,000.00, exclusive of interest and costs.

7. Removal is proper under 28 U.S.C. sec. 1441(d) because Plaintiff is a citizen of the State of Florida, the Defendant is a foreign corporation, and the claim is in excess of $75,000.00, and therefore there is jurisdiction under 28 U.S.C. sec. 1332. Accordingly, this Court has subject matter jurisdiction over this action and removal of this case is authorized under 28 U.S.C. sec. 1332, sec. 1441(a) and (b).

8. The Defendant herein expressly reserves any and all Defenses, whether in law or in fact, including but not limited to lack of personal jurisdiction, improper venue, insufficiency of process, statute of limitations, laches and/or failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant Great Lakes Reinsurance (UK) plc prays that the action previously pending in the 17th Judicial Circuit for Broward County, State of Florida, be removed to the United States District Court for the Southern District of Florida.

GOLDMAN & HELLMAN
Attorneys for Defendant
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
(954) 356-0460

By: _____
STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via first class United States mail to James H. Perry, Esq., Perry & Neblett, P.A., 2550 South Bayshore Drive, Suite 11, Miami, Florida 33133 this ___14th___ day of November, 2007.

GOLDMAN & HELLMAN
Attorneys for Defendant
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
(954)356-0460

By: _____
STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO. 345210

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

TLU LIMITED,

        Plaintiff,

v.

GREAT LAKES REINSURANCE,
(UK) PLC.

        Defendant.

_____/

07026652

21

## SUMMONS

To each Sheriff of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant:    **GREAT LAKES REINSURANCE, (UK) PLC.**
        **By Serving:**   **(Any Senior Partner) LeBoeuf, Lamb, Greene & MacRae**
                             **125 West 55th Street**
                             **New York, N.Y. 10019-5389**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

James H. Perry, Esq.
**PERRY & NEBLETT, P.A.**
2550 South Bayshore Drive, Suite 11 - Miami, FL 33133
Tel: (305) 856-8408
jperry@admiraltylawyers.com

within **twenty (20)** days after service of this Summons on the Defendant exclusive of the day of service, and to file the original of the written defenses with the Clerk of the Circuit Court, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

| | HOWARD FOREMAN<br>Clerk of Court |
|---|---|
| Dated on: OCT 1 2 2007 | By: _____<br>As deputy clerk |

Ex. "A"

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des Poursuites judicaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cl-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pur vous proteger; vous estes oblige de deposer votre reponse ecrite, avec mention du numero de dossier cl-dessus et du nom des parties nommees icl, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse escrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme cl-dessous.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

TLU LIMITED,

    Plaintiff,

v.

GREAT LAKES REINSURANCE
(UK) PLC,

    Defendant.

_____/

07026852

OCT 12 2007



## COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT

Plaintiff, TLU LIMITED, by and through its undersigned counsel, hereby files this action against Defendant, GREAT LAKES REINSURANCE (UK) PLC and alleges as follows:

### VENUE AND JURISDICTION

1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees, and is within the jurisdiction of this Court.

2.    At all times material hereto, Plaintiff, TLU LIMITED (hereinafter "TLU"), was and is a foreign company organized under the laws of the Territory of the British Virgin Islands.

3.    At all times material hereto, GREAT LAKES, upon information and belief, was and is a corporation organized under the laws of the United Kingdom and doing business in the State of Florida, including Broward County, Florida, through the issuance and underwriting of marine insurance.

4.    At all times material hereto, Plaintiff, TLU, was the owner of one 1989 71 foot Douglas Brookes sailing catamaran known as the S/Y "INDIGO FLYER" (hereinafter the "Vessel").

5.  TLU, through its Director, Gary Kirkland, procured a yacht insurance policy from the Defendant, GREAT LAKES REINSURANCE (UK) PLC (hereinafter "GREAT LAKES"), subscribing to that certain policy of insurance and identified as Policy No.: 200/658/72296 with an effective date of January 18, 2006 to January 18, 2007 (hereinafter the "Policy"). (A true and correct copy of the Policy is attached here to as Exhibit "A").

6.  The Policy, at all times material hereto, insured the 1989 71 foot Douglas Brookes sailing catamaran and was in full force in effect at the time of the loss as described below.

7.  The Policy was delivered to TLU in Fort Lauderdale, Broward County Florida.

8.  GREAT LAKES, pursuant to the terms and conditions of the Policy, and in particular, section 11, the Service of Suit Clause set forth within the Policy, has agreed to subject itself to the specific personal jurisdiction of this Court:

> It is agreed that in the event of the failure of the Underwriters severally subscribed to this insurance (The Underwriters) to pay any amount claimed to be due herunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

(See Section 11, Exhibit "A").

9.  In filing this action, TLU is requesting, in compliance with the Policy, that Defendant, GREAT LAKES, submit itself to the jurisdiction of this Honorable Court as this Court is a court of competent jurisdiction as required by section 11 of the Policy.

10.  All conditions precedent to the commencement of this action have occurred or have been waived.

## COUNT I – BREACH OF CONTRACT

11.  Plaintiff realleges and reasserts paragraphs 1 – 10 and would further state:

12. On or about January 1, 2006, Plaintiff purchased one 1989 71 foot Douglas Brookes sailing catamaran known as the S/Y "INDIGO FLYER" in the Bahamas.

13. On or about January 3, 2006, Plaintiff, applied for insurance for the 1989 71 foot Douglas Brookes sailing catamaran known as the S/Y "INDIGO FLYER" f/k/a "INDIGO II" via GT Dallas and answered all the questions on the application truthfully and in good faith. (See a true and correct copy of the Application for Insurance attached hereto as Exhibit "B").

14. On or about February 9, 2006, the underwriters for Defendant, GREAT LAKES, approved the application for insurance on the Vessel and issued to Plaintiff, TLU, the subject Policy No.: 200/658/64720 effective from January 18, 2006 to January 18, 2007.

15. At all times material, the Vessel was used for private pleasure only in compliance with the Policy warranty: "It is warranted that the scheduled vessel shall be used solely for private and pleasure purposes, and will not be used for Charter, hire lease or any other commercial activity." (See Ex."A", section 9, a).

16. On or about December 16, 2006, the Vessel left Key West, Florida destined for the British Virgin Islands on one such pleasure cruise.

17. The Vessel was manned by three crew members, the captain, a mate and a stewardess.

18. While under sail approximately four days out to sea, the crew noted increasing winds and seas.

19. On the evening of December 20, 2006, the Vessel was sailing with one reef in the main sail and partially furled the jib due to the increased wind gusts and rising seas.

20. As conditions continued to deteriorate into the night, the crew, noting wind gusts up to 35 knots and increasing seas between 6 and 8 feet, placed a second reef in the main sail and increased the furl in the jib farther in order to both to keep control of the Vessel and sail safely.

21. All three crew members were on deck and alert while the weather conditions worsened.

22. The crew felt the boat lurch into the waves at an increased speed of 12 knots in the blustery and strong winds. The Vessel's position was at 20*33' 93 N 73* 41' 15W.

23. All hands were on deck, and reported feeling a wave strike the Vessel when the mast collapsed and fell to the side of the vessel. The mainsail fell partially across the deck and covered the crew.

24. After assuring their safety, the crew moved quickly to assess the damage. It was noted that the mast and some rigging had fallen to the starboard side of the vessel. The mast thereafter, persistently banged against the Vessel's hull.

25. The crew immediately set about securing as much rigging and the sail as possible and relayed their situation to nearby vessels while adrift in the dark night.

26. At dawn, and at great risk to themselves, the captain and mate dove over the side of the Vessel in order to assess the damage the mast was causing the hull due to the large and constant wave action.

27. Subsequent to assessing the damage to the hull, the crew made the reasonable decision to cut the rigging and jettison the mast at sea. This action was necessary in order to spare the Vessel from further damage and prevent any danger to the crew. The crew was able to secure the Vessel and start its engines to run by power back to Key West, Florida.

28. On or about December 22, 2007, the Vessel returned to Key West, Florida.

29. In compliance with the provisions of the policy, TLU notified GREAT LAKES of the loss pursuant to all applicable provisions of the Policy via its Director, Gary Kirkland.

30. On or about December 29, 2006, an investigative service hired by GREAT LAKES, Wager & Associates, Inc., corresponded with Mr. Kirkland regarding the loss. Subsequently, a survey was conducted on or about January 5, 2007 by Wager & Associates, Inc.

31. On or about January 16, 2007, Wager & Associates informed Mr. Kirkland that GREAT LAKES was reserving the right to extend coverage pending investigation without giving any definitive reason why coverage was not immediately proffered. The letter also stated that due to the nature of the indemnity style policy, the insurers would reimburse TLU for the reasonable repair expenses. (See a true and correct copy of the correspondence attached hereto as Exhibit "C").

32. In order to mitigate damages and in reliance that the GREAT LAKES would pay this covered loss, the Vessel was moved to a repair facility in West Palm Beach, Florida.

33. Unto this point, the insurance company had never directly contacted TLU regarding the status of its claim. After the Vessel reached the yard in West Palm Beach, Florida, Mr. Kirkland requested to hear from GREAT LAKES regarding the claim.

34. On or about February 6, 2007, Mr. Kirkland communicated the need to hear from the insurance company to Wager & Associates, Inc. The Vessel at this point, was hauled and sitting on the hard in the repair yard. Mr. Kirkland communicated to Wager & Associates the prohibitive cost involved with the Vessel standing daily in the yard, and requested an approval to have preparation work for painting to be performed on the Vessel.

35. Again, there was no reply from the insurance company regarding the status of TLU's claim. At this point, there had been over a month of silence on the insurance company's end and Plaintiff was left with costly storage and repairs of the Vessel alone.

36. The time frame from the date of the loss to Mr. Kirkland's communication to the investigator was 47 days with no word from GREAT LAKES.

37. In the interim, TLU, through its director, had the Vessel in a repair yard with costly daily fees and committed to all repairs that if left alone, would contribute to further damage to the Vessel. Further, the Plaintiff had been cooperative in the ongoing investigation by submitting documents and submitting to verbal questions directed to the crew and its Director, Mr. Kirkland.

38. Due to the high cost of the yard in West Palm Beach, Plaintiff was forced to move the Vessel back down to Key West and fund its own repairs.

38. Plaintiff was further forced to retain counsel to assist it with its rightful claim, and informed Wager & Associates, Inc. of the same on or about February 7, 2007.

39. It was not until almost two weeks later (February 22, 2007) when Wager & Associates, Inc. contacted the undersigned. Up to this point, the insurance company had still not contacted Plaintiff regarding its claim. The investigation turned to matters that had little or nothing to do with the suffered loss and Plaintiff's frustration grew.

40. Almost five months later, an additional investigator was sent to once again question the crew about the loss. This occurred on or about July 9, 2007. The mate and the stewardess's statements were recorded at that time. Approximately one week later, Mr. Kirkland, as Director for TLU, submitted to a recorded questioning as well.

6

41. Subsequent to all of these recorded question and answer sessions, the undersigned attempted several times to follow up with the investigation companies (both) to discover the status of the claim. No definitive answers were provided, nor were transcripts of the interviews.

42. To date, TLU has not been paid though this is a covered loss and GREAT LAKES continues to be silent almost one year after the loss.

43. Defendant has an obligation to find coverage where possible and act in good faith to provide such coverage. Any refusal to cover this loss that is not based on any specific evidence that conclusively states the cause of the loss is a breach of the Policy terms.

44. TLU is entitled to coverage under the Policy for any and all losses resulting from the damages caused as a result of the unforeseen and accidental dismasting occurring on or about December 20, 2006.

45. Pursuant to the terms and conditions of the Policy issued by Defendant, GREAT LAKES, TLU is clearly and expressly entitled to coverage benefits for all losses and damages caused by dismasting of "INDIGO FLYER" as reported to Defendant as part of the claim of TLU.

46. Based upon an application of the underlying facts to the claim of TLU to the terms and conditions of the Policy, Defendant, GREAT LAKES, has breached the Policy by wrongfully not paying out TLU's claim for a covered unforeseen and accidental loss and refusing to pay all losses and damages caused by the dismasting of "INDIGO FLYER" as reported to Defendant as part of the claim of TLU.

47. As a direct result of GREAT LAKES' breach of the terms and conditions of the Policy, TLU has suffered significant damages and losses as insured pursuant to the Policy and is entitled to all damages as provided under the Policy and as a matter of law.

## DEMAND FOR JURY TRIAL

Plaintiff, TLU LIMITED, demands a trial by Jury on all issues so triable.

**WHEREFORE**, Plaintiff, TLU LIMITED, respectfully requests that this Court enter judgment against DEFENDANT, GREAT LAKES REINSURANCE (UK) PLC, and awarding damages to TLU and against DEFENDANT for all damages allowed by law, prejudgment interest on all monies awarded and attorney's fees based on contractual, statutory and equitable principles of law including, but not limited to, §627.428, Fla. Stat. (2005) and any other damages allowable by law as a result of DEFENDANT'S improper failure to cover this loss in breach of the insurance contract.

Dated this 10th day of October

Respectfully Submitted,

**PERRY & NEBLETT, P.A.**
2550 S. Bayshore Drive, Suite 11
Miami, FL 33133
Tel (305) 856-8408
Fax (305) 856-8409

BY: _____
JAMES H. PERRY, II
FLA BAR NO.: 991491
LYNN L. FORD
FLA BAR NO.: 16538

8

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

TLU LIMITED,

    Plaintiff,

vs.

GREAT LAKES REINSURANCE
(UK) PLC,

    Defendant.
_____/

GENERAL JURISDICTION DIVISION

CASE NO. 07-26652 CA 21

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned counsel files this his Notice of Appearance as attorney on behalf of the Defendant GREAT LAKES REINSURANCE (UK) PLC in the instant matter:

Dated: October 29, 2007
Fort Lauderdale, Florida

GOLDMAN & HELLMAN
Attorneys for Defendant
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
(954)356-0460

By: _____
STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO. 345210

1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via telefax and first class United States mail to James H. Perry, Esq., Perry & Neblett, P.A., 2550 South Bayshore Drive, Suite 11, Miami, Florida 33133, this 29th day of October, 2007.

GOLDMAN & HELLMAN
Attorneys for Defendants
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
(954) 356-0460

By: _____
STEVEN E. GOLDMAN, ESQ.
FLA. BAR NO. 345210

2

%JS44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
TLU LIMITED

### DEFENDANTS
GREAT LAKES REINSURANCE (UK) PLC

**(b)** County of Residence of First Listed Plaintiff  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  United Kingdom
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James Perry, Esq.
2550 S. Bayshore Dr., Suite 11
Miami, FL 33133 (305) 8__-8__

CIV-ZLOCH
MAGISTRATE JUDGE SNOW
07-61641

Attorneys (If Known)
Steven E. Goldman, 800 S.E. 3rd Ave., 4th Floor, Ft. Lauderdale, FL

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07CV61641 WJZ-LSS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☑ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

FILED by INTAKE
NOV 14 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

### V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    JUDGE MARRA
b) Related Cases ☑ YES ☐ NO    DOCKET NUMBER 07-61259-CIV-MARRA

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Removal under 28 U.S.C. sec. 1441(a), (b) and (d), based on diversity jurisdiction 28 U.S.C. sec. 1332.

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE November 14, 2007

FOR OFFICE USE ONLY
AMOUNT  RECEIPT #  IFP

541527